UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK R.,

                       Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

Case No. C20-301-MLP

ORDER

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective allegations and failing to include all of his limitations in the residual functional capacity ("RFC") assessment. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.      BACKGROUND

Plaintiff was born in 1959, has a high school diploma, and previously worked as a bus driver. AR at 157, 162. Plaintiff was last gainfully employed in February 2013. *Id.*

In March 2013, Plaintiff applied for benefits, alleging disability as of February 4, 2013. AR at 142-43. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing. *Id*. at 89-91, 96-97, 104-05. After the ALJ conducted a hearing in December 2014 (*id*. at 30-65), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 9-29.

Plaintiff appealed the ALJ's decision to the U.S. District Court for the Western District of Washington, which reversed the ALJ's decision and remanded the matter for further proceedings. AR at 508-24. The ALJ held another hearing in January 2018 (*id*. at 436-480), and subsequently entered a decision finding Plaintiff not disabled. *Id*. at 403-17.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since his alleged onset date.

Step two: Plaintiff has the following severe impairments: knee osteoarthritis, affective disorder (mood disorder v. major depressive disorder), anxiety-related disorder, and posttraumatic stress disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform medium work with additional limitations: he can occasionally kneel, frequently stoop and crouch, and cannot perform work that requires driving as an essential element of the job. He can perform simple, routine tasks and follow short, simple instructions. He can do work that needs little or no judgment. He can perform simple duties that can be learned on-the-job in a short period. He requires a work environment with minimal supervisor contact, which means contact that does not occur regularly. This restriction does not preclude simple and superficial exchanges and does not preclude being in proximity to a supervisor. He can work in proximity with co-workers, but not in a cooperative or team effort, and can have no more than infrequent and superficial interactions with co-workers. He cannot work with public contact (i.e. where the public is not in the workspace or in the building). He requires a work environment that is predictable and with few work setting changes.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 403-17.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 389-95. Plaintiff appealed the final decision of the Commissioner to this Court.

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV.    DISCUSSION

In the prior ALJ decision, the ALJ discounted Plaintiff's subjective testimony because (1) his mental symptoms improved with conservative treatment, (2) his activities contradict his

alleged mental limitations and his allegations of back pain, and (3) he made inconsistent statements about why he stopped working. AR at 17-20. The prior court remand order found that these reasons were not clear and convincing as articulated in the prior decision. *Id*. at 518-21.

In the current ALJ decision, the ALJ discounted Plaintiff's subjective testimony because (1) the objective medical record was inconsistent with Plaintiff's allegation of an inability to stand or walk farther than one block; (2) the record showed that he overstated his driving limitations; (3) his activities (attending appointments, traveling to California, going to the bank and donating plasma a couple of times per week, going to the library to check e-mail) contradicted his alleged limitation in leaving his home; (4) his activities (socializing with a neighbor, maintaining contact with family, donating plasma, going to the bank and library, visiting the food bank, traveling to California) contradicted his alleged limitations in social interaction; (5) his activities (driving, sorting coins, watching football) and his normal objective testing and clinical observations contradicted his alleged concentration limitations; and (6) other factors (discrepancies in his explanations for why he stopped working, evidence of situational stressors causing symptoms) undermine the reliability of his testimony. AR at 408-12. Plaintiff argues that the ALJ's new reasoning still fails to be clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### A.    Social Functioning

Plaintiff argues that the ALJ erred in relying on his activities to discount his alleged social limitations, because the ALJ cited those same activities in the previous decision and that reasoning was found erroneous in the court remand order. (Dkt. # 8 at 4-6.) Plaintiff overlooks the fact that the ALJ provided additional analysis as to how those activities contradict portions of Plaintiff's allegations in the current decision, and that connection between the activities and the

testimony addresses the concerns described in the court remand order. AR at 19-20, 409-11, 519-20. Specifically, the ALJ contrasted Plaintiff's allegations of problems leaving his home with the evidence that he could leave his home for medical appointments[3], to travel to visit his mother in California[4], to donate plasma, and to visit the bank and library. *Id*. at 409-10. The ALJ went on to contrast Plaintiff's allegations of problems with social interaction with those same activities (all of which involve interacting with people in public to some degree). *Id*. at 410. The ALJ also identified an inconsistency between Plaintiff's alleged inability to interact with supervisors and people in authority and his ability to interact appropriately with doctors and other authority figures at the bank, plasma donation center, food bank, library, and airport. *Id*. at 410-11.

The ALJ's specificity in the current decision with respect to how Plaintiff's activities contradict his allegations of social limitations addresses the court's concerns in the remand order and constitutes a clear and convincing reason to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

---

[3] Plaintiff argues that his attendance at medical appointments is unlike attendance at work and does not prove that he can work. (Dkt. # 8 at 10-11.) But the ALJ did not cite Plaintiff's attendance at medical appointments as evidence that he can work full-time; the ALJ cited his ability to attend appointments as evidence that he can leave his house when he needs to. AR at 409-10. Thus, Plaintiff fails to show error in this line of the ALJ's reasoning.

Plaintiff also argues that the ALJ erred in emphasizing that Plaintiff was found to be in no acute distress during his appointments because he would not be expected to be in acute distress for his chronic conditions. (Dkt. # 8 at 11.) The ALJ cited the lack of distress as it relates to leaving his home, however; Plaintiff alleged that leaving his home caused his panic disorder and agoraphobia to flare, but the ALJ pointed to his providers' notes as evidence that undermines that allegation. AR at 409-10. Plaintiff has not shown that the ALJ's interpretation was unreasonable and therefore erroneous.

[4] Plaintiff argues (dkt. # 8 at 7-8) that the ALJ ignored his testimony that he struggled with air travel, but the ALJ did not ignore this testimony. The ALJ acknowledged that Plaintiff experienced stress during the travel, but that he was nonetheless able to complete it. AR at 410 ("Additionally, *despite being stressful*, [Plaintiff] was able to travel to California in March 2014 and in early 2016 to see his mother, who was in declining health." (emphasis added)). Furthermore, even if this activity is not particularly contradictory with Plaintiff's testimony, any error would be harmless in light of the many other examples the ALJ provided.

Although Plaintiff emphasizes (dkt. # 8 at 8) that the ALJ failed to show that he engaged in these activities for a substantial part of his day, such that the activities were transferable to a work environment, the ALJ cited the activities as contradictory, rather than as meeting the threshold for transferable work skills. Thus, Plaintiff has not established error in this line of the ALJ's reasoning.

The ALJ also explained how he accommodated Plaintiff's credited degree of social limitation by excluding any exposure to the public and limiting his exposure to co-workers and supervisors. AR at 410-11. These significant limitations demonstrate that the ALJ credited Plaintiff's allegations to some degree, but found that Plaintiff's limitations were not as severe as he alleged. Thus, to the extent that Plaintiff suggests that the ALJ overstated his allegations in order to discredit him (dkt. # 8 at 8-12), Plaintiff fails to appreciate that the ALJ explained why he discounted extreme allegations while nonetheless crediting a significant degree of limitation.

Lastly, Plaintiff contends that the ALJ erred by crediting his alleged inability to function in large groups of people, but failing to include such a restriction in the RFC assessment. (Dkt. # 10 at 9.) The ALJ's decision notes that Plaintiff retains the ability to be around a small group of people and to have infrequent/superficial with others, and that the RFC accommodates Plaintiff's deficits by precluding tasks involving teamwork and more than infrequent/superficial interactions with co-workers. AR at 410. The ALJ referred to vocational expert testimony that the step-five jobs "would allow the claimant to work independently, without having to wait on/depend on another person on tasks, in a workspace where he is, at least, several feet apart from another coworker." *Id*. The ALJ also referred to Plaintiff's ability to donate plasma in a room with other people as evidence that he can be around people so long as he is too close to others. *Id*. In light of the ALJ's thorough discussion and explanation, and reasonable

interpretation of the record, the Court finds that Plaintiff has failed to show that the ALJ's

findings regarding social functioning are erroneous.

### B.      Physical Functioning

Plaintiff also challenges the ALJ's finding that his allegations of an inability to stand for

any length of time or walk longer than one block are contradicted by the objective evidence

showing normal examination findings as well as the evidence of minimal, conservative

treatment. AR at 408-09. Plaintiff argues that the ALJ failed to cite evidence showing that he

could stand or walk for six hours per workday (dkt. # 8 at 5 n.1), but the ALJ did not cite the

treatment record as a basis for so concluding. Instead, the ALJ cited the treatment record as

inconsistent with his allegations of an inability to stand or walk for any length of time (AR at

408-09), and Plaintiff has not shown that the ALJ was unreasonable in finding that inconsistency.

Thus, Plaintiff has not shown error in this line of the ALJ's reasoning. *See Parra v. Astrue*, 481

F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient

to discount a claimant's testimony regarding severity of an impairment"); *Rollins v. Massanari*,

261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the

sole ground that it is not fully corroborated by objective medical evidence, the medical evidence

is still a relevant factor in determining the severity of the claimant's pain and its disabling

effects.").

### C.      Driving

Plaintiff goes on to argue that the ALJ erred in his findings regarding driving. The ALJ

noted that Plaintiff alleged experiencing panic and rage symptoms while driving, but he does

continue to drive, although no longer professionally. AR at 409. The ALJ accounted for

Plaintiff's driving-related limitations in the RFC assessment by excluding any jobs that require

driving as an essential element of the job. *Id.* Plaintiff argues that the ALJ did not convincingly explain why he discredited Plaintiff's allegations of driving-related limitations (dkt. # 8 at 13-14), but the ALJ did not actually discredit any of those limitations. Instead, the ALJ fully accounted for the limitations by excluding any work-related driving in the RFC assessment. AR at 409.

To the extent that Plaintiff suggests that the ALJ's RFC assessment is inadequate because Plaintiff would still need to drive to and from work (dkt. # 8 at 13-14) and could experience symptoms during this commute, a disability determination addresses whether a claimant can perform job requirements in a work setting. *See, e.g.*, 20 C.F.R. § 404.1545(a)(1) (defining RFC to account for a claimant's "physical and mental limitations that affect what [the claimant] can do in a work setting"). As the ALJ excluded driving from Plaintiff's job duties, the ALJ fully accounted for Plaintiff's difficulties with driving as it pertains to Plaintiff's ability to perform work.

### D.   Concentration

Plaintiff argues that the ALJ overstated the extent of his alleged concentration difficulties by stating that Plaintiff had claimed to be able to concentrate for only 10-15 minutes, and citing activities that would require concentration of longer duration. (Dkt. # 8 at 14-17.) Plaintiff acknowledges that he did write that he could concentrate for only 10-15 minutes, but states that he meant that he could concentrate for only 10-15 minutes at a time, not 10-15 minutes total. (Dkt. # 8 at 14-15.)

Even if this is the only reasonable way to interpret Plaintiff's description of his concentration deficits, the ALJ pointed to evidence that Plaintiff's limitations were not that severe. For example, the ALJ noted that Plaintiff continued to drive: "It is inconceivable that

someone would have any ability to drive, an activity that requires one to maintain focus while in traffic or on the freeway, if he can only maintain his concentration for 10 to 15 minutes at one time." AR at 411. Although Plaintiff's bank is only six miles from his home, he described his home as located in a rural area and testified that he drives into Bellingham multiple times a week for various activities and appointments; it is not unreasonable to assume that this amount of driving would exceed 10-15 minutes of driving at one time. *Id*. at 443-48.

The ALJ also cited multiple treatment notes where Plaintiff demonstrated normal concentration/cognition, and this evidence supports the ALJ's finding regarding Plaintiff's cognitive functioning. AR at 411 (citing *id*. at 246, 282, 286, 295, 316, 327, 343, 363-64, 667, 700-12). Because the ALJ cited substantial evidence to support his interpretation of Plaintiff's concentration abilities and his interpretation is reasonable, Plaintiff has not shown that the ALJ erred in evaluating the record regarding Plaintiff's allegations of concentration deficits.

E.      **"Other Discrepancies"**

Plaintiff notes that one of the discrepancies listed in the "Other Discrepancies" section of the ALJ's decision was found to be erroneous in the prior court remand order. *Compare* AR at 20, 521 *with id*. at 412. The Commissioner acknowledges this, but suggests that the prior court remand order was wrongly decided in this respect. (Dkt. # 9 at 4-5.) The prior court ruling is the law of the case, however, and the Commissioner has not shown that an exception to the application of this doctrine is present here. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

Nonetheless, Plaintiff has not established that the ALJ's reiterating erroneous reasoning amounts to harmful error, given that this reasoning was surrounded by other valid reasons. In light of those additional independent reasons provided by the ALJ for discounting Plaintiff's

1    allegations, this error is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d

2    1155, 1162-63 (9th Cir. 2008).

3                                    **V.      CONCLUSION**

4           For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

5    case is **DISMISSED** with prejudice.

6           Dated this 22nd day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge